Stuart G. Gross (SBN 251019)
Ross A. Middlemiss (SBN 323737)
Travis H.A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628

FILED 02 MAR '26 13:35 USDC-ORE

*Attorneys for Plaintiffs and the Proposed Classes*
[additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT

## OREGON

## EUGENE DIVISION

BRAND LITTLE and ROBIN BURNS, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

PACIFIC SEAFOOD PROCUREMENT, LLC; PACIFIC SEAFOOD PROCESSING, LLC; PACIFIC SEAFOOD FLEET, LLC; PACIFIC SEAFOOD DISTRIBUTION, LLC; PACIFIC SEAFOOD USA, LLC; DULCICH, INC.; PACIFIC SEAFOOD – EUREKA, LLC; PACIFIC SEAFOOD – CHARLESTON, LLC; PACIFIC SEAFOOD – WARRENTON, LLC; PACIFIC SEAFOOD – NEWPORT, LLC; PACIFIC SEAFOOD – BROOKINGS, LLC; PACIFIC SEAFOOD – WESTPORT, LLC; PACIFIC SURIMI – NEWPORT LLC; BLUE RIVER SEAFOOD, INC.; SAFE COAST SEAFOODS, LLC; SAFE COAST SEAFOODS WASHINGTON, LLC; OCEAN GOLD SEAFOODS, INC.; NOR-CAL SEAFOOD, INC.; KEVIN LEE; AMERICAN SEAFOOD EXP, INC.; CALIFORNIA SHELLFISH COMPANY, INC.; ROBERT BUGATTO ENTERPRISES, INC.; ALASKA ICE SEAFOODS, INC.; LONG FISHERIES, INC.; CAITO FISHERIES, INC.; CAITO FISHERIES, LLC; SOUTHWIND FOODS, LLC; FISHERMEN'S CATCH, INC.; GLOBAL QUALITY FOODS, INC.; GLOBAL QUALITY SEAFOOD LLC; OCEAN KING

Case No. **6:26-MC-00212-AP**

Northern District of California Case No: 3:23-cv-01098-AGT

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL NONPARTY WEST COAST SEAFOOD LLC TO COMPLY WITH PLAINTIFFS' DOCUMENT SUBPOENA**

Pd 15877

**FISH INC.; SOUTH BEND PRODUCTS LLC; SWANES SEAFOOD HOLDING COMPANY LLC; BORNSTEIN SEAFOODS, INC.; ASTORIA PACIFIC SEAFOODS, LLC; DA YANG SEAFOOD INC.; GREAT OCEAN SEAFOOD INC.; PACIFIC DREAM SEAFOOD, INC.; and DOES 33-60,**

Defendants.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' MOTION TO COMPEL NONPARTY WEST COAST SEAFOOD LLC TO COMPLY WITH PLAINTIFFS' DOCUMENT SUBPOENA

## TABLE OF CONTENTS

NOTICE OF MOTION .................................................................................................................. 1

RELIEF SOUGHT ....................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

I.    INTRODUCTION ........................................................................................................... 1

II.   BACKGROUND & PROCEDURAL HISTORY ........................................................... 1

III.  LEGAL STANDARD ..................................................................................................... 2

IV.   ARGUMENT .................................................................................................................. 3

CONCLUSION ............................................................................................................................. 4

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

## TABLE OF AUTHORITIES

### CASES

*Athletics Inv. Grp., LLC v. Schnitzer Steel Indus., Inc.*, No. 21-CV-05246-MMC
(DMR), 2024 WL 3916100 (N.D. Cal. Aug. 23, 2024).......................................................2, 3

*BBK Tobacco & Foods LLP v. Cent. Coast Agric., Inc.*, No. 21-MC-80189-DMR,
2021 WL 5507167 (N.D. Cal. Nov. 24, 2021)...........................................................................2

*In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, No. 19-MD-02918-
MMC-KAW, 2021 WL 4621755 (N.D. Cal. Oct. 5, 2021).........................................................3

### RULES

Fed. R. Civ. P. 45 ...............................................................................................................1, 2

Fed. R. Civ. P. 45(d)(2)(B) ......................................................................................................2

Fed. Rule Civ. P. 26(b)(1)........................................................................................................2

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' MOTION TO COMPEL NONPARTY WEST COAST SEAFOOD LLC TO COMPLY WITH PLAINTIFFS' DOCUMENT SUBPOENA

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Plaintiffs Brand Little and Robin Burns ("Plaintiffs") hereby move the United States District Court for Oregon pursuant to Federal Rule of Civil Procedure 45 to compel nonparty West Coast Seafood LLC to comply with the subpoena duces tecum issued on October 28, 2025 and served on October 30, 2025 (the "Subpoena").

## RELIEF SOUGHT

Plaintiffs seek an order compelling non-party West Coast Seafood LLC to produce documents responsive to the Subpoena, as required by Federal Rule of Civil Procedure 45.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs respectfully ask this Court to order third party West Coast Seafood LLC ("West Coast Seafood") to comply with the Subpoena that Plaintiffs served on West Coast more than three months ago. West Coast Seafood has failed to respond in any way to the Subpoena, despite Plaintiffs multiple attempts to contact West Coast and facilitate its compliance. Plaintiffs seek discovery that is reasonable and proportional to the needs of the case, and ask the Court to compel West Coast Seafood's compliance therewith.

### II.    BACKGROUND & PROCEDURAL HISTORY

The operative Fifth Amended Class Action Complaint ("5AC") in this action asserted federal and state antitrust and unfair competition claims against Defendant ex vessel Dungeness crab buyers on behalf of a putative class of Dungeness crab fishers in California, Oregon and Washington. *Little, et al. v. Pacific Seafood, et al.*, Case No. 3:23-cv-01098-AGT, ECF No. 596.[1] West Coast Seafood is not a named Defendant, but it is a buyer of commercial ex vessel Dungeness crab from putative class members, Middlemiss Dec., ¶ 2, and as such its communications with other buyers, including but not limited to Defendants, are relevant to Plaintiffs' claims in this action, *see* ECF No. 596, ¶¶ 1-11, 148-160. Plaintiffs issued the Subpoena to West Coast Seafood on October 28, 2025, and it was served on October 30, 2025.

---

[1] All ECF citations herein are to Case No. 3:23-cv-01098-AGT, currently pending in the Northern District of California, before Magistrate Judge Tse.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

Declaration of Ross A. Middlemiss in Support of Plaintiffs' Motion to Compel Nonparty West Coast Seafood LLC to Comply with Plaintiffs Document Subpoena ("Middlemiss Dec."), ¶¶ 2-3, Exs. A, B. The Subpoena seeks documents concerning West Coast Seafood's engagement in the commercial ex vessel Dungeness crab market, such as communications and documents concerning season opening, price and out the back door purchases (where one buyer buys crab ex vessel from the boat, then quickly sells it to another buyer) that go directly to the heart of Plaintiffs' claims in this action. *Id.* ¶ 2. The Subpoena established a response deadline of November 28, 2025. *Id.* ¶ 4. West Coast Seafood did not respond, with written objections or any other type of response, by November 28, 2025, and has failed to respond as of the filing of this Motion. Middlemiss Dec., ¶¶ 5-6. Plaintiffs made multiple attempts to contact West Coast Seafood, but have received a substantive response nor any responsive documents. *Id.* ¶¶ 7-10. After a brief phone conversation with West Coast Seafood's principal, Ms. Xia Zhou, on December 16, 2025, Plaintiffs' subsequent efforts to communication concerning the Subpoena have been unsuccessful. *Id.*

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure controls the discovery of nonparties by subpoena. Fed. R. Civ. P. 45. The scope of discovery under Rule 45 is the same as under Rule 34 and Rule 26, such that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. Rule Civ. P. 26(b)(1).

A third party "commanded to produce documents or tangible things" by a subpoena may serve written objections, which "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "A nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived." *Athletics Inv. Grp., LLC v. Schnitzer Steel Indus., Inc.*, No. 21-CV-05246-MMC (DMR), 2024 WL 3916100, at *3 (N.D. Cal. Aug. 23, 2024). An order compelling compliance with a subpoena that has been personally served on a nonparty is appropriate "where the nonparty has not formally objected but has instead failed to respond." *BBK Tobacco & Foods LLP v. Cent. Coast Agric., Inc.*, No. 21-MC-80189-DMR, 2021 WL

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

5507167, at *3 (N.D. Cal. Nov. 24, 2021) (internal citation omitted).

## IV.     ARGUMENT

An order compelling West Coast Seafood to comply with the Subpoena is warranted here, since personal service was completed and West Coast Seafood has failed to respond in the three plus months since that service was completed. *See BBK Tobacco & Foods,* 2021 WL 5507167, at *3. Moreover, because West Coast Seafood has failed—despite being properly served the Subpoena and Plaintiffs making subsequent efforts to connect—to raise objections to the Subpoena, West Coast Seafood has waived any objections to the Subpoena and must be ordered to comply to the Subpoena without any objection or limitation on the production of responsive documents. *See Athletics Inv. Grp., Inc.,* 2024 WL 3916100, at *3. The waiver of objections notwithstanding, the Subpoena's document requests are, in fact, reasonable and proportionate to the needs of the case, seeking communications and documents that go to the heart of Plaintiffs' price fixing claims concerning the Pacific Northwest ex vessel Dungeness crab market in which West Coast Seafood is a participant. *See* Middlemiss Dec., ¶ 2, Ex. A; *see also In re Hard Disk Drive Suspension Assemblies Antitrust Litig.,* No. 19-MD-02918-MMC-KAW, 2021 WL 4621755 (N.D. Cal. Oct. 5, 2021) (compelling production of transaction data from third party on products containing a price-manipulated product on basis discovery was proportional to the needs of antitrust litigation on that price-manipulated product). Magistrate Judge Tse, presiding over this case in the Northern District of California, has previously issued orders compelling then-nonparties Nor-Cal (ECF No. 73) and ASE (ECF No. 74), and current nonparties Anna's Seafood (ECF No. 405), to comply with Plaintiff's record subpoenas after failing to respond, just as is the case here with West Coast Seafood. Plaintiffs' Subpoena is reasonable and proportionate and West Coast Seafood has had ample opportunity to comply with its obligations under Rule 45. Therefore, Plaintiffs ask the Court to order nonparty West Coast Seafood to comply with the Subpoena.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' MOTION TO COMPEL NONPARTY WEST COAST SEAFOOD LLC TO COMPLY WITH PLAINTIFFS' DOCUMENT SUBPOENA

3

## CONCLUSION

For the reasons discussed above, Plaintiffs respectfully ask this Court for an order compelling West Coast Seafood to comply fully with Plaintiffs' Document Subpoena by searching for and producing all responsive documents, without objection, within its possession, custody, or control, and grant such other relief as the Court deems just and proper.

Respectfully Submitted,

Dated: February 25, 2026                                   GROSS KLEIN PC

By:    _____

ROSS A. MIDDLEMISS

Stuart G. Gross (SBN 251019)
Travis H. A. Smith (SBN 331305)
Ross A. Middlemiss (SBN 323737)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628
*sgross@grosskleinlaw.com*
*tsmith@grosskleinlaw.com*
*rmiddlemiss@grosskleinlaw.com*

Matthew W. Ruan (SBN 264409)
Samantha Gupta (*admitted pro hac vice*)
**FREED KANNER LONDON &
MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
(224) 632-4500
*mruan@fklmlaw.com*

Matthew S. Weiler (SBN 236052)
Raymond S. Levine (SBN 348030)
**SCHNEIDER WALLACE COTTRELL
KONECKY, LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
(415) 421-7100
*mweiler@schneiderwallace.com*

Steven N. Williams (SBN 175489)
**STEVEN WILLIAMS LAW, P.C.**

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' MOTION TO COMPEL NONPARTY WEST COAST SEAFOOD LLC TO COMPLY WITH PLAINTIFFS'
DOCUMENT SUBPOENA

4

201 Spear St, Suite 1100
San Francisco, CA 94105
(415) 671-4628
*swilliams@stevenwilliamslaw.com*

*Counsel for Plaintiffs and the Proposed Classes*

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' MOTION TO COMPEL NONPARTY WEST COAST SEAFOOD LLC TO COMPLY WITH PLAINTIFFS' DOCUMENT SUBPOENA

5